**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

CARLOS MAISONET,                                    )
                                                    )
                        Plaintiff,                  )
                                                    )
            v.                                      )            CAUSE NO.: 3:09-CV-371-TS
                                                    )
GAINER BANK,                                        )
                                                    )
                        Defendant.                  )

**OPINION AND ORDER**

Carlos Maisonet, a prisoner proceeding *pro se*, filed an *in forma pauperis* petition and a

Prisoner Complaint alleging that the Gainer Bank of Gary, Indiana, wrongfully permitted his

grandmother to withdraw money from his account after the death of his mother in the 1970's. "A

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Nevertheless, "the court shall dismiss the case at any time if the court determines that . . . the

action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Plaintiff appears to be attempting to allege a constitutional violation because he filed

this case on a Prisoner Complaint Form for 42 U.S.C. § 1983 cases. To state a claim under

§ 1983, a plaintiff must allege: (1) that the defendant deprived him of a federal constitutional

right; and (2) that the defendant acted under color of state law. *Savory v. Lyons*, 469 F.3d 667,

670 (7th Cir. 2006). The Complaint does not provide notice of the federal rights that the Plaintiff

alleges were violated. The Plaintiff states that the unauthorized bank withdrawal violated his

right to the pursuit of happiness, which is mentioned in the Declaration of Independence, but he

does not identify a particular constitutional right. Moreover, even if he had cited to the

Constitution, the Gainer Bank of Gary was not functioning as a state actor when it gave money to his grandmother. Indeed, it is not even clear that the bank acted inappropriately. Thus, the Complaint does not contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts are more plausibly consistent with legitimate behavior than with the illegitimate behavior that the Plaintiff implies occurred after his mother's death. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (To state a claim, a complaint must allege facts which plausibly show an entitlement to relief, not merely facts which are consistent with both misconduct and legitimate activity.) Following the death of his mother, it is more plausible that his grandmother was an adult with the authority to make transactions on this bank account. But even if she were not, the bank had no constitutional obligation to protect the Plaintiff's pursuit of happiness by refusing to permit her to withdraw those funds. Finally, even if the Plaintiff was an infant at the time of the withdrawal, during the intervening three decades, he has attained the age of majority and the statute of limitations has surely expired.

The Plaintiff simply has no civil rights claim against the bank. For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on September 8, 2009.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION